Henry W. and Letty M. Meyer v. Commissioner.
Meyer v. Commissioner
Docket No. 74948.
United States Tax Court
T.C. Memo 1959-94; 1959 Tax Ct. Memo LEXIS 155; 18 T.C.M. (CCH) 428; T.C.M. (RIA) 59094; May 12, 1959
*155 Held, petitioners have failed to prove error in respondent's determination that certain amounts received by petitioner as "per diem" or "incentive pay" are not properly deductible as travel expenses while away from home in connection with the performance by him of services as an employee or in the pursuit of a trade or business. Henry W. Meyer, pro se., 1311 Indian River Avenue, Titusville, Fla. Hugh G. Isley, Esq., for the respondent. FISHER
Memorandum Findings of Fact and Opinion FISHER, Judge: Respondent determined deficiencies in petitioners' income taxes for the years 1953 and 1956 in the respective amounts of $468.04 and $564.58. The only issue before us is whether petitioners are entitled to a deduction from gross income for the alleged travel expenses of Henry W. Meyer while away from home in connection with the performance by him of services as an employee or in the pursuit of a trade or business. Findings of Fact Petitioners are husband and wife who presently reside in Indian River City, Florida. They filed joint returns for the taxable years 1953 and 1956 with the director of internal revenue at Los Angeles, California. In the latter part of 1951, Henry W. Meyer (hereinafter referred to as Meyer or petitioner) entered the employ of North American Aviation, Inc., as an aircraft mechanic. Petitioner was assigned by North American to Edwards Air Force Base, and prior to the end of 1951, he moved his *157 family to Palmdale, California, which was approximately 35 miles from Edwards Air Force Base. Petitioner drove by auto to Edwards Air Force Base each day and returned to his home in Palmdale each night. Petitioner continued in the employ of North American until July 1953 when he went to work for the Northrup Aircraft Company. He spent a short period of time at the Northrup's home plant in Hawthorne, California, and was then assigned to Edwards Air Force Base. He never gave up his home in Palmdale between the time he worked for North American and the time he worked for Northrup. Petitioner remained in the employ of Northrup and continued to reside at Palmdale and commute daily to Edwards Air Force Base until November 1954, when he went to Florida. Petitioner lived in Florida for approximately 2 months. His wife became ill and petitioner returned to California where he entered the employ of the General Electric Company. By mid-1955, petitioner left General Electric and in July 1955 entered the employ of the Douglas Aircraft Company. From July 1955 until the latter part of 1957, petitioner was employed by Douglas Aircraft at Edwards Air Force Base. Throughout this period petitioner *158 resided in Palmdale, California, and commuted daily to Edwards Air Force Base. In his income tax return for the year 1953, petitioner reported $5,853.39 as wages from North American Aviation and Northrup Aircraft. He further reported as "expenses reimbursed by North American and Northrup" the respective amounts of $2,054.00 and $117.60, which he explained in a statement attached to his return as follows: "Expenses for board and lodging incurred while working for North American Aviation. Away from Los Angeles main plant, at Edwards Air Force Base, and reimbursed by North American Aviation - $,2,054.00. "Expenses for board and lodging incurred while working for Northrup Aircraft, away from Hawthorne main plant, at Edwards Air Force Base and reimbursed by Northrup Aircraft - $117.60." In his Federal income tax return for the year 1956, petitioner reported amounts received from Douglas Aircraft Company as follows: Wages
$10,016.08
Less: Reimbursed expenses per
Diem allowance
2,485.00
Adjusted gross income
$ 7,531.08
In the notice of deficiency, respondent explained his adjustments to petitioner's income for the years 1953 and 1956 by reference to a report *159 of examination which was mailed to petitioners. In the aforesaid report, respondent explained his adjustments to petitioner's income for the years 1953 and 1956 as follows: "1953 "Information on file in this office indicates that you received compensation of $2,171.60 which you did not include in income reported on your return. The project on which you were working at the time such compensation was paid was considered to be indefinite and therefore, any expenses which you may have incurred would be personal and nondeductible for income tax purposes. "1956 "Information on file in this office indicates that you received compensation of $10,016.08 and that you claimed $2,485.00 as 'away from home expenses'. The project on which you were working at the time such compensation was paid was considered to be indefinite and therefore, any expenses which you incurred would be personal and nondeductible for income tax purposes." During the years 1953 and 1956, petitioner resided at Palmdale, California, and his principal post of duty was at Edwards Air Force Base. In so far as pertinent here, any expenses incurred by petitioner during the years in question were personal expenses *160 and not deductible from gross income. Opinion In 1953, petitioner received certain amounts from his employers which were denoted as "per diem" or "incentive pay." These amounts were not reported on petitioner's income tax return, but petitioner attached an explanatory note to the return stating that he was claiming a deduction in the exact amount received. In 1956, petitioner received certain amounts from his employer which were denoted as "per diem payments." Petitioner included these amounts in gross income and claimed a deduction of the exact amount as "reimbursed expenses" for travel while away from home. [1]
Respondent included these amounts in petitioner's gross income but disallowed them as deductions, stating that they were personal and nondeductible. The burden of proving error in respondent's determination is, of course, on petitioner. We find that he has failed to carry his burden. The evidence establishes that petitioner resided at Palmdale, California. Petitioner moved, *161 with his family, to that city in the latter part of 1951 and continued to live there throughout 1952, 1953, and until November 1954. Petitioner did not remove his family from Palmdale upon his change of employment from North American to Northrup in 1953. [2] Petitioner and his family moved to Florida in November of 1954. They returned to Palmdale in February 1955 and remained there until October 1957. During the 2 years in issue, petitioner's residence was in Palmdale and his principal place of employment was Edwards Air Force Base. The most that petitioner has established is that he has incurred certain commuting expenses in traveling daily to and from his home to his place of employment at Edwards Air Force Base. Such commuting costs are not deductible. ; , *162 on appeal C.A. 9, February 24, 1958. Petitioner contends that the "per diem" received (which one employer, Northrup Aircraft, labelled "incentive pay") indicates that he was being reimbursed for travel expenses while away from home. We are satisfied that these payments were intended to take care of, or at least alleviate, to some extent, the higher cost of living in the Edwards Air Force Base area. The only expenditures relied upon by petitioner to support the claimed deduction represent personal expenditures, which, by statute, [3] are expressly prohibited from being deductible by a taxpayer. For example, petitioner testified that he had to travel 30 miles one way to work. He further testified that expenses were higher in Palmdale than in the Los Angeles area. He stated that medical care was poor and that he had to transport his child 120 miles one way to visit a pediatrician. It is evident that these expenses are personal and nondedutcible. Accordingly, on the basis of the record before us, we must hold that petitioner has failed to prove error in respondent's determination. Decision will be entered for respondent. *163 Footnotes
1. The year 1953 is governed by the provisions of sections 22(n)(2) and 23(a)(1)(A) of the Code of 1939. The year 1956 is governed by sections 62(2)(b) and 162(a)(2) of the Code of 1954.↩
2. Petitioner testified that upon his employment with Northrup, he was assigned for a "short while" to Hawthorne, California. However, he still maintained his residence at Palmdale. There is no evidence in the record to determine sufficiently whether or not the expenses of petitioner while in Hawthorne are properly deductible and, if so, in what amounts.↩
3. Section 24(a)(1), 1939 Code, and section 262, 1954 Code.↩